E-FILED
Monday, 17 April, 2006  02:41:26 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DON BENNY ANDERSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 05-1224 |
| R.V. VEACH, | ) |
| Respondent. | ) |

## O R D E R

This matter is now before the Court on Petitioner, Don Benny Anderson's ("Anderson"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Anderson's § 2241 Motion [#1] is DISMISSED.

### BACKGROUND

In 1983, Anderson was convicted in the Circuit Court for the Sixth Judicial Circuit of Florida in Pinellas County, Florida, of two counts of willfully and unlawfully damaging two structures by fire or explosives in connection with the arson of two abortion clinics. He was sentenced to a term of 15 years' imprisonment on each count to be served concurrently and coterminously with a federal sentence on another conviction in the Southern District of Illinois. Although Anderson makes reference to having filed many motions in the Florida courts, the details of such motions are not presently before this Court.

Anderson now brings this petition pursuant to § 2241 arguing: (1) he was denied his right to appeal his state court sentence because he was denied his right to effective assistance of counsel on appeal; and (2) his convictions were in violation of the Fifth, Sixth, and Fourteenth Amendments. This Order follows.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

A petition for writ of habeas corpus pursuant to § 2241 is only appropriately used to challenge the circumstances of federal confinement. This petition, however, attacks the validity of Anderson's state court conviction itself and should have been brought as a petition pursuant to 28 U.S.C. § 2254. Under these circumstances, the Court must conclude that he cannot properly proceed under § 2241. Accordingly, his petition will be dismissed.

## CONCLUSION

For the reasons set forth herein, Anderson's Petition for Writ of Habeas Corpus pursuant to § 2241 [#1] is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. This matter is now terminated.

ENTERED this 17th day of April, 2006.

        s/ Michael M. Mihm
        Michael M. Mihm
        United States District Judge